IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **MARILYN & HARRIS WADE,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| **MEGA LIFE AND HEALTH** ) | |
| **INSURANCE COMPANY;** ) | Civil Action Number |
| **UNITED INSURANCE** ) | **7:05-589-UWC** |
| **COMPANIES, INC.; UNITED** ) | |
| **GROUP SERVICE CENTERS,** ) | |
| **INC.; UICI MARKETING, INC.;** ) | |
| **SPECIALIZED ASSOCIATION** ) | |
| **SERVICES, INC.; NASE** ) | |
| **GROUP INSURANCE TRUST** ) | |
| **FUND; NATIONAL** ) | |
| **ASSOCIATION FOR THE** ) | |
| **SELF-EMPLOYED;** ) | |
| **FICTITIOUS DEFENDANTS 1-** ) | |
| **20,** | |
| Defendants. | |

## MEMORANDUM OPINION

Presently before the Court is Plaintiffs' Motion to Remand to State Court. (Doc. 4.)  For the reasons that follow, the Motion to Remand is due to be granted.

## FACTS

Plaintiffs Marilyn and Wade Harris, residents of Alabama, initially filed this lawsuit as a class action in the Circuit Court of Sumter County, Alabama, on February 5, 2005. The diverse Defendants include foreign insurance companies, a marketing company, and a trust fund. In their complaint, Plaintiffs allege a number of causes of action under Alabama law - including breach of trust, breach of contract, fraud, negligence, and conversion. Plaintiffs expressly disavow any intention of making any claim under a federal law. (Compl. ¶ 50, 106.)

In their prayer for relief, Plaintiffs "individually and on behalf of the putative class" ask for compensatory and punitive damages in an amount "not to exceed $74,000 per person for all claims and causes of action asserted herein." (Compl. ¶ 162 (g).)

On March 21, 2005, Defendants removed the state court action to this Court, alleging diversity jurisdiction. To satisfy the requisite "amount in controversy" prong of diversity jurisdiction's dual requirements, Defendants contend that notwithstanding the Plaintiffs' disclaimer to the contrary, the amount in controversy for each of the Plaintiffs exceeds $75,000. (*See* Doc. 1, Notice of Removal.)

### APPLICABLE LAW

Federal courts are courts of limited jurisdiction. ***Burns v. Windsor Ins. Co.*,** 31 F.3d 1092, 1095 (11th Cir. 1994). In determining whether a federal court has

jurisdiction over a diversity action "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." ***Kokkonen v. Guardian Life Ins. Co. of Am.***, 511 U.S. 375, 377 (1994).

To invoke the diversity jurisdiction of a federal court, a party must satisfy two requirements: 1) a complete diversity of citizenship between the parties, and 2) an amount in controversy exceeding $75,000. ***Federated Mut. Ins. Co. v. McKinnon Motors, LLC***, 329 F.3d 805, 807 (11th Cir. 2003). A party satisfies the amount in controversy requirement by establishing that the dispute, in good faith, involves more than $75,000. ***St. Paul Mercury Indem. Co. v. Red Cab Co.***, 303 U.S. 283, 288 (1938).

The law is clear that "[i]f a plaintiff does not desire not to try his case in the federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would justly be entitled to more, the defendant cannot remove." ***St. Paul Mercury,*** 303 U.S. at 294. Put another way, the plaintiff is the master of his complaint; if the complaint expressly limits the amount of plaintiff's recovery, the defendant may not, as a means of establishing diversity jurisdiction, require the plaintiff to ignore his self-imposed limitation on the damages he will seek in a lawsuit.

## ANALYSIS

There is not much to be analyzed on this motion.

In their well-pled complaint, the Plaintiffs have limited the amount they will seek to recover in this action. The opinions of Defendants' experts that Plaintiffs could possibly recover more than $75,000 is irrelevant, in light of the disclaimer embodied in Plaintiffs' complaint. *St. Paul Mercury*, 303 U.S. 283, 294 (1938). Of necessity, that disclaimer leaves this court without power to adjudicate this dispute.

Because of the Plaintiffs' self-imposed limitation on the damages they will seek in this action, the requisite amount in controversy does not exist.

## CONCLUSION

By separate order, Plaintiffs' Motion to Remand will be granted, and this action remanded to the state court from which it was improvidently removed.

Done this 28th day of April, 2005.

_____
U.W. Clemon
Chief United States District Judge